# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Christina Joy Hawkins**                                                                **Plaintiff**

**v.**                              **No. 4:13CV00712 JLH/JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                    **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Christina Joy Hawkins seeks judicial review of the denial of her second application for disability insurance benefits and supplemental security income.[3] Hawkins bases disability on bipolar disorder, post traumatic stress disorder, panic attacks, depression, acid reflex disease, and arthritis in both knees.[4] Hawkins's first application was denied on January 3, 2011,[5] so this case considers whether she has been disabled since January 4, 2011.[6] Hawkins claims her conditions forced her to stop working in 2008.[7]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Hawkins has severe impairments — depression, anxiety, obesity, and degenerative joint disease of the knees[8] — but she can do some

---

[3]SSA record at pp. 177 & 184.

[4]*Id*. at p. 209.

[5]*Id*. at p. 74 & 205.

[6]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[7]SSA record at p. 209.

[8]*Id*. at p.13.

sedentary work.⁹ Because a vocational expert identified available work for a person with Hawkins's impairments,¹⁰ the ALJ determined Hawkins is not disabled and denied the application.¹¹

After the Appeals Council declined to review,¹² the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.¹³ Hawkins filed this case to challenge the decision.¹⁴ In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.¹⁵ This recommendation explains why substantial evidence supports the decision

---

⁹*Id.* at p. 15.

¹⁰*Id.* at p. 57.

¹¹*Id.* at p. 21.

¹²*Id.* at p. 1.

¹³*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

¹⁴Docket entry # 1.

¹⁵*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

and why the ALJ made no legal error.

**Hawkins's allegations**. Hawkins maintains the ALJ failed to develop the record as to mental impairment. She contends the ALJ did not consider evidence that detracts from the unfavorable opinion. She claims the medical evidence supports her reported symptoms. She challenges the ALJ's determination about her ability to work; she says the ALJ didn't include all her limitations — fatigue, depression, stress intolerance, medication side effects, and limitations in sitting. For these reasons, she insists substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Hawkins can do some sedentary work.[17] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[18] Hawkins can lift this much.[19] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work

---

[16]Docket entry # 9.

[17]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[18]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[19]SSA record at p. 45.

by their medical impairments have very serious functional limitations."[20]

The ALJ placed the following limitations on sedentary work: (1) occasional climbing, balancing, stooping, kneeling, crouching, or crawling; and (2) work involving simple, routine, repetitive tasks; simple direct supervision; and occasional interaction with supervisors, coworkers and the public.[21]  Because sedentary work doesn't ordinarily implicate the first limitation, the only significant limitation is the second one implicating mental impairment.  The court must determine whether a reasonable mind would accept the evidence as adequate to show Hawkins can work with that limitation.

**Whether substantial evidence exists**.  The ALJ's determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove she is disabled.[22]  Therein lies the

---

[20]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[21]SSA record at p. 15.

[22]42 U.S.C. § 423 (d)(5(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only

problem for Hawkins. Much of the medical evidence lies outside the relevant time period. Hawkins claims the ALJ ignored evidence detracting from the decision, but the ALJ considered all of the evidence, even the remote evidence; it just doesn't support Hawkins's claim. This court considered the remote evidence when reviewing the first unfavorable decision.[23] The medical evidence since that time doesn't reflect any significant change except for a resolved ankle fracture.[24]

<u>Physical impairment</u>. Hawkins has bad knees. She has undergone surgery on both knees.[25] She has degenerative changes in both knees.[26] She can't stand or walk for long periods of time.[27] She has difficulty squatting due to knee pain.[28] Sedentary work, however, doesn't require much standing, walking, or squatting. Hawkins says she can't sit to work because she needs to periodically stand and stretch her legs,[29] but all sedentary workers need to do the same thing.

---

by your statement of symptoms.").

[23] Cause No. 4:12CV365-JTR.

[24] SSA record at pp. 349 & 393.

[25] *Id*. at pp. 378, 395 & 397.

[26] *Id*. at p. 355.

[27] *Id*.

[28] *Id*.

[29] *Id*. at p. 42.

The orthopedic examiner opined that Hawkins can do work that involves sitting.[30] Medical experts opined that she can do sedentary work with postural limitations.[31] The medical evidence shows no serious functional limitation preventing sedentary work. A reasonable mind would accept the evidence as adequate to show Hawkins can do sedentary work despite bad knees.

Mental impairment. Hawkins's PCP prescribes psychotropic medications for anxiety, depression, and bipolar disorder.[32] Hawkins reports improvement.[33] Her reports undermine the credibility of her allegation of disabling panic attacks.[34] Her moods have been stable.[35] Symptoms "which can be controlled by treatment or medication is not considered disabling."[36]

Mental health experts opined that she can do unskilled work involving

---

[30]*Id*. at p. 355.

[31]*Id*. at pp. 327-34 & 360.

[32]*Id*. at pp. 341, 391 & 409. In the past, she saw a therapist, but she discontinued her therapy when he therapist moved away. *Id*. at pp. 51-52.

[33]*Id*. at pp. 341, 391 & 409.

[34]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence.").

[35]SSA record at p. 409.

[36]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

incidental interpersonal contact, tasks learned and performed by rote, few variables, and simple, direct, concrete supervision.[37]  That is the type of work the ALJ required.  A reasonable mind would accept the evidence as adequate to support the ALJ's determination about Hawkins's ability to work.  To the extent Hawkins relies on her therapist's letter,[38] Hawkins didn't see her therapist during the relevant time period.  The therapist's letter provides no basis for a further reduction in the ability to work because a therapist isn't an acceptable medical authority,[39] she hasn't treated Hawkins recently, and no therapy notes support her statements.

<u>Vocational evidence</u>.  The ALJ asked a vocational expert about work for a person with Hawkins's impairments.[40]  The vocational expert identified assemblers like compact assembler, production workers like label cutter machine operator, and inspectors/checkers/layers like ordnance checker.[41]  Hawkins maintains the ALJ should have included fatigue, depression, stress intolerance, medication side effects, and limitations in sitting, but no medical evidence supports those limitations.  She

---

[37]SSA record at pp. 309 & 344.

[38]*Id*. at p. 362.

[39]*See* 20 C.F.R. §§ 404.1513 & 416.913 (listing sources who can provide medical evidence to establish impairment).

[40]SSA record at pp. 56-57.

[41]*Id*. at p. 57.

testified that her pain medication makes her drowsy, but she takes it periodically.[42] A reasonable mind would accept the vocational evidence as adequate to show work exists that Hawkins can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[43] Because such work exists, Hawkins is not disabled under social security disability law.

**Conclusion**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Hawkins's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

It is so ordered this 12th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[42] *Id*. at pp 35-36.

[43] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).